Filed 10/5/15  P. v. Vargas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN JOSE VARGAS,<br><br>    Defendant and Appellant. | H041848<br>(Santa Clara County<br> Super. Ct. Nos. 213738, C1482392) |

In case No. 213738, the county probation department filed a petition for revocation of community supervision in February 2014, alleging that defendant failed to maintain contact with the probation department and failed to report to the probation department as directed.  According to the petition, defendant was originally convicted in 2013 for violating Penal Code sections 496d and 594, subdivisions (a) and (b)(1),[1] was sentenced to two years in prison, and was released in January 2014 on post-release community supervision (PRCS).

On March 24, 2014, defendant admitted that he violated PRCS.  The trial court reinstated PRCS with modified terms to include 30 days in jail, with 16 days credit.  The court set a review hearing for April 22, 2014.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant did not appear at the April 22, 2014 review hearing, and PRCS was summarily revoked. On October 20, 2014, defendant admitted that he violated PRCS. The trial court reinstated PRCS with modified terms to include 180 days in jail, with 180 days credit.

In the meantime, in June 2014, defendant was charged by information in case No. C1482392 with child endangerment (§ 273a, subd. (a)) and misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). The offenses allegedly took place on or about May 1, 2014. The information further alleged that defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12), and that he had served two prior prison terms (§ 667.5, subd. (b)).

The information was later amended to charge count 1, child endangerment (§ 273a, subd. (a)), as a misdemeanor. Defendant pleaded no contest to the amended count and to the count for being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). Defendant entered his pleas with the understanding that he would be placed on probation for four years with various terms and conditions, including that he serve 10 months in jail.

According to the probation officer's report, which was based on a police report, defendant was at a park on May 1, 2014, with a two-year-old child. A witness reported that defendant appeared to be under the influence of something and was not paying attention to the child. The witness later observed defendant in the bathroom completely naked in front of a sink. The witness reported the incident to the facility staff. A staff member heard defendant slamming and hitting something and cursing. The staff member called the police. The police spoke with defendant, who appeared to be under the influence of a stimulant. Defendant stated that he was homeless and that he used the restroom to wash up. He also stated that he and the child had slept on a relative's driveway the previous night, but he could not tell the officers the name or location of the relative. Defendant appeared confused and had difficulty speaking. He could not tell the

2

officers the location of the child's mother or the ages of his other children. The child was dirty and was sitting in a filthy stroller. Defendant was arrested and the child was released to the care of child protective services.

On November 21, 2014, the sentencing hearing was held on the child endangerment and controlled substances convictions. The trial court suspended imposition of sentence and placed defendant on probation for four years with various terms and conditions, including that he serve 10 months in jail, with 229 days credit. Defendant was ordered to pay various fines and fees. The court also entered a protective order for the child.

On December 8, 2014, defendant filed a notice of appeal and request for certificate of probable cause in case Nos. 213738 (the PRCS case) and C1482392 (the child endangerment and controlled substances case). The court denied the request for the certificate.

We appointed counsel to represent defendant in this court. Appointed counsel has filed a brief in this court which states the case and facts but which raises no issues.

We sought to notify defendant of his right to submit written argument in his own behalf within 30 days. Defendant listed his mailing address as "transient" on his notice of appeal. Following inquiries by this court, defendant's appellate counsel executed a declaration on May 20, 2015, explaining counsel's efforts to locate defendant. Counsel was not able to locate defendant or otherwise obtain contact information for him. This court mailed notification to defendant's last known address, the county jail, on May 21, 2015. We have received no communication from defendant.

Defendant's notice of appeal does not specify the date of the order or judgment being appealed. In case No. 213738, the notice of appeal is timely only as to the October 20, 2014 order in which the trial court reinstated PRCS with modified terms. We requested supplemental briefing from the parties regarding the date of the judgment or order being appealed from, and whether the record on appeal was incomplete. The

3

parties agreed that defendant may be appealing from the October 20, 2014 order, and that the record on appeal should include a reporter's transcript of the oral proceedings on that date. This court ordered the record augmented accordingly.

In case No. C1482392, the notice of appeal is timely as to the November 21, 2014 judgment (order of probation). The record reflects that the trial court entered a protective order on that date protecting the child from defendant. The parties agreed in supplemental briefing that the record on appeal should include the protective order, and this court ordered the record augmented.

The November 21, 2014 protective order includes a stay-away order that does not specify the number of yards that defendant must stay away from the protected child. It states that defendant "must not come within [blank] yards of the" protected child. We will remand the matter for the limited purpose of the trial court specifying the distance that defendant must stay away from the protected child.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and have concluded that there is no arguable issue on appeal.

## DISPOSITION

In case No. 213738, the October 20, 2014, order is affirmed.

In case No. C1482392, the judgment is reversed and the matter is remanded for the limited purpose of the trial court specifying in the protective order the distance that defendant must stay away from the protected child.

4

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.